**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANSI GIRGIS, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| MERCANTLE ADJUSTMENT BUREAU, LLC, | |
| Defendant. | |

Plaintiff NANSI GIRGIS (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant MERCANTLE ADJUSTMENT BUREAU, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of 79 Deerfield Road, East Brunswick in Middlesex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant MERCANTLE

ADJUSTMENT BUREAU, LLC ("MAB" or "Defendant") is a New York limited liability company with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY  14221-7900.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent one or more letters and/or notices from Defendant which included the same or substantially similar language to that contained in Exhibit A.

- The Class period begins one year prior to the filing of this Action.  The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Prior to July 20, 2020, Plaintiff allegedly incurred a financial obligation to TD Bank, N.A. ("TD Bank") related to a TD Bank store branded credit card for Nordstrom ("TD Bank") related to a consumer credit card account. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. TD Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to July 20, 2020, TD BANK either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

21. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated July 20, 2020 (the "Collection Letter") concerning the Debt, which sought to collect an amount owed of $12,521.50.  Attached as Exhibit A is a copy of the Collection Letter.

23. The Collection Letter was Defendant's initial communication to Plaintiff with respect to the Debt.

24. The Collection Letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The Collection Letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the Collection Letter.

27. The Collection Letter provided:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

("Debt Verification Language")

28. As the Collection Letter was Defendant's initial written communication with Plaintiff, Defendant was required to comply with the debt verification provision of section 1692g of the FDCPA.

29. Section1692g provides:

**(a) Notice of debt; contents.**  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice

7

containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

30. The Collection Letter failed to effectively state the name of the current creditor to whom the debt is owed.

31. The Collection Letter identifies the name of the creditor as "Nordstrom, Inc."

32. However, Nordstrom, Inc. is not the name of the current creditor.

33. Rather TD Bank, N.A. is the name of the current creditor.

34. Nordstrom, Inc. is the store branded name associated with the TD Bank credit card, but Nordstrom, Inc. is not the name of the current creditor.

35. By failing to effectively identify the current creditor of the Debt in the Collection Letter, the least sophisticated consumer would think that that the Debt was actually owed to Nordstrom, Inc., when in fact Nordstrom, Inc. is not and never was the name of the creditor.

36. Additionally, the Collection Letter states, "Nordstrom, Inc. has places the above account with Mercantile Adjustment Bureau, LLC".

37. However, the foregoing statement is untrue, since Nordstrom, Inc. is not

the current creditor and cannot place the account with Defendant.

38. Furthermore, this Statement about placement by Nordstrom, Inc. is deceptive, misleading and/or false, since it would lead the least sophisticated consumer to believe that the creditor is Nordstrom, Inc., when in fact the current creditor is TD Bank.

39. Defendant's identification of the name of the current creditor as Nordstrom, Inc. is false, deceptive and misleading in violation of the FDCPA.

40. Defendant's failure to identify the current creditor did not comply with Defendant's verification obligation under section 1692g.

41. Therefore, the Collection Letter deprived Plaintiff and other New Jersey consumers of truthful information in connection with Defendant's attempt to collect a debt.

42. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

43. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

44. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

45. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

46. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

47. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

48. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding his or her rights under the FDCPA.

49. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

52. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

53. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will

he hire an attorney, represent himself or herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

55. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violates the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) By failing to properly communicate debt verification rights; and
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

57. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

58. Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were set forth at length.

59. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

60. By sending a collection letter, the same as or substantially similar to the Collection Letter, Defendant violated:

  A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

  B. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

  C. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

  D. 15 U.S.C. §1692g by failing to provide Plaintiff with his or her statutory verification rights.

  E. 15 U.S.C. §1692g(a)(2) by failing to identify the creditor to whom the debt is owed

  F. 15 U.S.C. §1692g(4) by failing to provide Plaintiff with his or her statutory verification rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        July 20, 2021

                                          Respectfully submitted,

                                          By: s/ Lawrence C. Hersh
                                                  Lawrence C. Hersh, Esq.
                                                  17 Sylvan Street, Suite 102B
                                                 Rutherford, NJ  07070
                                                 (201) 507-6300
                                                 *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 20, 2021                  By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq

EXHIBIT A

29473702 NRD
07/20/2020

| | |
|---|---|
| Creditor: | NORDSTROM,INC. |
| Account Number: | ************3318 |
| Reference Number: | ▮702 NRD |
| Balance: | $12,521.50 |
| Amount Enclosed: $ | |



**MERCANTILE**
*Innovative Solutions, Exceptional Results*

165 Lawrence Bell Drive, Suite 100
Williamsville, NY 14221-7900
1-877-770-6325
**Please send payment or correspondence to:**
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

------------------------------ PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT ------------------------------

Date: 07/20/2020

Nansi M Girgis,

NORDSTROM,INC. has placed the above account with Mercantile Adjustment Bureau, LLC to initiate collection to recover the balance due as noted above.

We are available to work with you to help you satisfy the debt in a manner that is fair and equitable to all parties.  Our account representatives are ready to assist you.

Sincerely,

Kathy Kraska
Phone Number: 1-877-770-6325

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.